# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/09/2020 11:37 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Scott,Deputy Clerk
Case 2:21-cv-02130-FLA-PD   Document 1-1   Filed 03/09/21   Page 2 of 13   Page ID #:9
20BBCV00663
Assigned for all purposes to: Burbank Courthouse, Judicial Officer: John Kralik

Jack Sogoyan, Esq. (SBN 299457)
**ZWIRN, GEVORKYAN & SOGOYAN LLP**
3504 W. Magnolia Blvd.
Burbank, CA 91505
Tel.:   818.928.5000
Fax:   818.928.2104
Email: js@zgslaw.com

Attorneys for Plaintiffs,
HENRI HOVHANESYAN,
ARMINE AGDAYAN
DIANE SHAGBANDARYAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, NORTH CENTRAL DISTRICT

| | |
|---|---|
| HENRI HOVHANESYAN; ARMINE AGDAYAN; DIANE SHAGBANDARYAN<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO INDEMNITY COMPANY, a corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **BREACH OF INSURANCE CONTRACT;**<br>2. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>3. **CALIFORNIA INSURANCE CODE §790.03.;**<br>4. **NEGLIGENCE**<br>5. **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.**<br><br>**DEMAND FOR A JURY TRIAL** |

PLAINTIFFS HENRI HOVHANESYAN, ARMINE AGDAYAN and DIANE SHAGBANDARYAN (collectively "Plaintiffs"), by and through her attorney of record herein, brings this Complaint against DEFENDANT GEICO INDEMNITY COMPANY ("Defendant"), and in support thereof alleges the following:

///

## NATURE OF THE CASE

1. This is an automobile insurance bad faith case brought by Plaintiff against Defendants. Plaintiff seeks damages stemming from Defendants' bad faith denial of a valid claim resulting from an automobile incident of March 27, 2019.

2. Defendant failed to properly handle and adjust Plaintiffs' claim in good faith, and, in fact, instituted claims practices designed to improperly minimize and/or deny valid claims, placing their own financial interests above the interests of their policyholders, in violation of their contractual obligations.

## THE PARTIES

3. Plaintiffs are and at all times relevant to this Complaint residents of Los Angeles, California.

4. Plaintiffs were insured under the automobile insurance policy issued by Defendant.

5. Plaintiffs are informed and believe, and thereupon allege that Defendant is one of the largest providers of car insurance in the United States and was at all relevant times stated herein, a corporation in good standing and properly qualified to do business organized under the laws of the State of California in Los Angeles, California.

6. Plaintiffs do not know the true names or capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 to 100. Plaintiffs sue these defendants under the fictitious name "Doe" pursuant to CCP § 474. Plaintiffs allege on information and belief that each of the Doe defendants is liable to Plaintiffs at law and in equity. If and when Plaintiffs learns their real names and identities, Plaintiffs will seek court permission to amend this complaint to sue them under their real names.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court arises out of California *Code of Civil Procedure* section 410.10 because Defendants conducted business in the State of California. The acts and omissions complained of in this action took place, in whole or in part, in the State of California. The insurance contract at issue was entered into in California and covers persons and events located in the State of California, including the collision.

8. Venue is proper because the acts herein alleged took place in the County of Los Angeles of this state, within the venue of this Court.

### FACTS APPLICABLE TO ALL CAUSES OF ACTION

9. At all relevant times, Plaintiff was insured by Defendant under the policy, which provided coverage and benefits, including but not limited to, those claims for automobile property damage.

10. Defendant issued a policy on insurance, Policy No. 4219-16-93-09 (the "Policy"), which was in effect at the time the vehicle collision occurred. The Policy provided uninsured motorist bodily injury coverage to the Plaintiffs for the allegations contained within the Complaint in the Underlying Action.

10. On or about March 227, 2019, Plaintiff's automobile was involved in a motor vehicle accident with an identified vehicle. The occurrence of this motor vehicle collision was reported to Defendant pursuant to the terms of the policy.

11. On or about March 28, 2019, Defendant issued a claim number for the aforementioned collision, Claim No. 0412191540101077 (hereinafter the "Claim").

12. On or about December 12, 2019, Plaintiffs submitted an Uninsured Time Limited Policy Limits Demand ("Demands"), with said demands set to expire 14 calendar days therefrom.

13. Pursuant to Defendant's request, on or about December 12, 2019, Plaintiffs complied by producing all relevant documentation to Defendants for their evaluation and review and granted an extension through January 31, 2020.

14. Pursuant to Defendant's request, on or about December 12, 2019, Plaintiffs complied by producing all relevant documentation to Defendants for their evaluation and review and granted an extension through January 31, 2020.

15. On or about December 16, 2019, Plaintiffs cooperated with having their Examinations under Oaths taken.

16. On or about January 21, 2020, Defendant issued denials to all Plaintiffs on the erroneous grounds that "An independent engineering firm completed an expert analysis and determined that the damages to the vehicles did not happen as reported." Defendant provided

3
COMPLAINT FOR DAMAGES

nothing further. Defendant, in bad faith, did not produce any independent engineering reports.

17. Among other things, Defendant's bad faith pattern and practice included hiring biased consultants/agents to aid in minimizing and/or denying claims. Defendants unreasonably relied on reports from these biased consultants to minimize/deny payments to Plaintiff, thereby depriving him of policy benefits to which he was entitled.

18. Defendant's denial of Plaintiffs' claims was arbitrary and did not have any basis in the insurance policy. Moreover, Defendant varied this threshold, and applied it inconsistently by treating similarly situated policyholders differently based on arbitrary or unreasonable criteria.

19. Defendant failed to thoroughly and objectively investigate Plaintiffs' claims and pay full policy benefits. Defendant consistently engaged in claims adjustment practices which were not objective, reasonable, or fair to insureds. Defendant unreasonably failed to establish consistent practices in which similarly situated insureds would be treated similarly. The actions described of in this complaint by Defendant were done with a conscious disregard of Plaintiffs' rights.

20. Defendant hired investigators, who assisted in implementing bad faith claims practices which were utilized in handling and improperly denying policy benefits to Plaintiffs.

21. As a result of Defendant's bad faith conduct, as described herein, Defendant improperly denied Plaintiffs' claim, depriving Plaintiffs of policy benefits to which they were entitled to.

22. Defendant's conduct was and continues to be fraudulent, oppressive, and malicious in that it does not give the benefit of the doubt to Plaintiffs in pursuing the claim investigations. Instead, Defendant placed their own financial interests ahead of Plaintiffs' well-being, as well as Plaintiffs' rights under his policy.

23. As a matter of business practice, Defendant unreasonably and in bad faith denied claims. Defendant has a pattern and practice of denying claims in order to maximize "claims profit." The result is that Plaintiffs and Defendant's other insureds are cheated of monies rightfully owed to them.

///

24. The unlawful conduct described in this complaint is a pervasive part of Defendant's overall business plan and have caused Defendant to gain a windfall in the form of unpaid or underpaid claims.

25. Defendant's conduct in adjusting insurance claims offends established public policy, is immoral, unethical, oppressive, unscrupulous and so substantially injurious to consumers such as to constitute an unfair business practice and warrant injunctive relief and disgorgement of ill-gotten profits.

## DEFENDANT'S CORPORATE SCHEME

26. By its unlawful, unfair, and/or fraudulent business practice, Defendants intended to minimize its costs of paying the Policy's benefits to Plaintiffs.

27. In handling, investigating and adjusting the Plaintiff's claim arising out of the Underlying Action, Defendant systematically, methodically, and generally engaged in the following improper, unfair, fraudulent, unreasonable and/or discriminatory claims practices directed at Plaintiffs:

   a. Unreasonably and unjustifiably failing to timely and fully pay Plaintiff's claim under the Policy;

   b. Unreasonably and unjustifiably failing to timely indemnify Plaintiffs pursuant to the Policy;

   c. Deliberately and unreasonably misrepresenting to Plaintiffs pertinent Policy provisions related to coverage at issue so as to limit Defendant's financial exposure and contractual obligations and maximize profits;

   d. Unreasonably failing to objectively evaluate Plaintiff's claim;

   e. Unreasonably and unjustifiably failing to attempt in *good faith* to reach a prompt, fair and equitable settlement of Plaintiff's claim on order to discourage Plaintiffs from pursuing their full Policy benefits;

   f. Deliberately, unjustifiably, and unreasonably compelling Plaintiffs to institute litigation to recover amounts due under the Policy in any effort to further discourage Plaintiffs from pursuing their full policy benefits;

  g. Interpreting Policy in any unduly restrictive manner;

  h. Failing to abide by the rules promulgated by the Insurance Commissioner; and

  i. Plaintiffs are informed, believe and thereon allege, that Defendant has engaged in other improper, unfair, and unreasonable claims practices directed at Plaintiffs, which Plaintiffs is presently unaware and which will be shown according to proof at the time of trial.

28. The unlawful, unfair and fraudulent insurance practices of Defendant, as enumerated in sub-paragraphs "a" through "i" of the above paragraph and other acts as may be shown at trial, are a pervasive part of Defendant's overall business plan.

29. Defendant's wrongful conduct, as alleged herein, constitute a pattern and practice of conduct amounting to a general business practice designed to defraud Plaintiffs of their rights under the Policy. The above-described actions of Defendant were done with a conscious disregard of Plaintiff's rights. These actions constitute conduct which is despicable behavior done with an intent to injure Plaintiffs, such as to constitute oppression, fraud, or malice under California *Civil Code Section 3294*, entitling Plaintiffs to punitive damages.

30. Defendant's conduct in adjusting insurance claims offends established public policy, is immoral, unethical, oppressive, unscrupulous and so substantially injurious to consumers such as to constitute an unfair business practice and warrant injunctive relief. Members of the public who have purchased car insurance from Defendants have been and are likely to continue to be deceived by Defendant's actions. Defendant's conduct is unlawful and constitutes an unfair business practice forbidden by California law and for which injunctive relief should issue immediately. Plaintiffs seek injunctive relief to prevent Defendant from continuing to engage in the conduct alleged.

31. Defendant's unlawful insurance practices as alleged herein have caused Defendant to gain a windfall in the form of unpaid claims. Plaintiffs seek to disgorgement of Defendant's ill-gotten gains.

///

///

# FIRST CAUSE OF ACTION

# BREACH OF CONTRACT

## (AGAINST ALL DEFENDANTS AND DOES 1 to 100)

32. Plaintiffs refer to and incorporate by reference, as though set forth fully herein, each and every allegation contained in paragraph 1 through 31, above.

33. Defendant breached the Policy by unreasonably refusing to pay and continuing to withhold Policy benefits now due and payable under the terms of the Policy.

34. Defendant further breached the Policy by making unreasonable demands on the Plaintiffs, misrepresenting the terms of the Policy, and forcing Plaintiffs to institute this litigation to obtain their benefits.

35. As a direct and proximate result of the actions of Defendant, Plaintiffs incurred substantial damages. As a direct and proximate result of the actions of Defendants, Plaintiffs suffered, to date, general damages in an amount in excess of the jurisdictional limits of this Court, and incidental damages for breach of contract.

36. As a direct and proximate result of the actions of Defendant, Plaintiffs incurred, and continues to incur economic losses.

# SECOND CAUSE OF ACTION

# TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## (AGAINST ALL DEFENDANTS AND DOES 1 to 100)

37. Plaintiffs refer to and incorporate by reference, as though set forth fully herein, each and every allegation contained in paragraph 1 through 36, above.

38. California law implies into each and every contract and each policy of insurance a duty of *good faith* and fair dealing. This duty requires that an insurer give equal, if not greater, consideration to the interests of its insured; that the insurer investigates every possible basis to extend coverage to its insured; and the insurer do nothing to deprive its insured of the protection sought under the insurance policy without proper cause. At a minimum, the insurer must act as "quasi-fiduciary" of its insured.

39. Plaintiffs are informed and believe and thereon allege that Defendant breached the duty of *good faith* and fair dealing owed to Plaintiffs by other acts or omissions of which Plaintiffs are presently unaware. Plaintiffs will seek leave of Court to amend this Complaint if and when Plaintiffs discover additional acts or omissions, which constitute a breach of the duty of *good faith* and fair dealing.

40. Despite Plaintiffs' repeated demands for an indemnity, Defendant continue to refuse full payment and continues to engage in unlawful insurance practices including, but not limited to, misrepresenting the terms of Policy. Such *bad faith* conduct constitutes a continuing tort, which is causing Plaintiffs continued damages.

41. In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences, Defendant failed and refused to indemnify Plaintiffs under the Policy.

42. Defendant engaged and continues to engage in a course of conduct to further its own economic interests and in violation of its obligations to Plaintiffs. This conduct includes, but is not limited to:

    a. Unreasonably, unjustifiably and in *bad faith* failing to fully pay Plaintiff's claim under the Policy knowing Plaintiff's claims to be valid;

    b. Unreasonably failing to objectively evaluate Plaintiff's claim;

    c. Unreasonably and unnecessarily stating that "[o]ur investigation found the frame failed due to wear and tear over time ...";

    d. Deliberately, unjustifiably and unreasonably working with lawyers to devise a plan to systematically deny payment of just claim;

    e. Deliberately, unjustifiably and unreasonably working with lawyers to devise a plan to systematically deny payment of just claim;

    f. Not attempting in *good faith* to effectuate prompt, fair, and equitable settlement of Plaintiff's claim for benefits where the obligation to pay had become reasonably clear;

    g. Deliberately and unreasonably misrepresenting to Plaintiffs the pertinent Policy

provisions related to coverage at issue so as to limit Defendant's financial exposure and contractual obligations and maximize profits;

h. Deliberately, unjustifiably and unreasonably compelling Plaintiffs to institute litigation to recover amount due under the Policy in an effort to further discourage Plaintiffs from pursuing their full Policy benefits;

i. Interpreting the Policy in an unduly restrictive manner;

j. Failing to abide by the rules promulgated by the Insurance Commissioner; and

k. Plaintiffs are informed, believe and thereon allege, that Defendants engaged in other improper, unfair, and unreasonable claims practices directed at Plaintiffs of which Plaintiffs are presently unaware and which will be shown according to proof at the time of trial.

43. Defendant's conduct described herein constitutes part of Defendant's overall scheme to reduce the costs of legitimate insurance claim. Defendant's conduct as described herein constitutes an illegal pattern and practice so pervasive as to amount to a general unfair and unlawful business practice.

44. Defendant's conduct described herein was done with a conscious disregard of Plaintiff's rights and constitutes despicable conduct, and was done with the intent to vex, injure, or annoy Plaintiffs, such as to constitute oppression, fraud, or malice under California *Civil Code* section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendants.

45. Defendant's conduct described herein was undertaken by Defendant's officers or managing agents, identified herein as Does 1 to 100, who were responsible for supervision and operation, reports, communications, and/or decisions. The afore-described conduct of said managing agents and individuals was therefore undertaken on behalf of Defendant.

46. Defendant further had advance knowledge of the action and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as Does 1 to 100, inclusive.

47. As approximate result of the aforementioned wrongful conduct of Defendant, Plaintiffs suffered, and will continue to suffer in the future, damages under the Policy, plus interest, in an amount to be shown at the time of trial.

48. As a direct and proximate result of the actions of Defendant, Plaintiffs incurred substantial damages, including but not limited to, financial hardship and emotional distress.

49. As a further direct and proximate result of the conduct of Defendant, Plaintiffs are obligated to expend and incur liability for costs of suit, attorneys' fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF INSURANCE CODE §790.03

## (AGAINST ALL DEFENDANTS AND DOES 1 to 100)

50. Plaintiff refers to and incorporates by reference, as though set forth fully herein, each and every allegation contained in paragraph 1 through 49, above.

51. <u>Insurance Code Section 790.03</u> defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.

52. By denying coverage to Plaintiffs, Defendant violates *Insurance Code Section 790.03 (a)* by:

> "Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular, or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby …"

53. Beginning at an exact date unknown to Plaintiffs, Defendant committed unlawful and unfair acts, as defined by 790.03 (a).

54. Specifically, Defendant have deliberately failed to administer the Claim. Defendant are in ***bad faith*** and refuses to fulfill its obligations under the Policy.

55. Plaintiffs have been damaged as a result of Defendant's unlawful act.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

## (AGAINST ALL DEFENDANTS AND DOES 1 – 100)

1  56. Plaintiffs refer to and incorporate by reference, as though set forth fully herein, each and every allegation contained in paragraph 1 through 55, above.

57. Plaintiffs are informed and believe, and thereon alleges, Plaintiffs were further injured due to the general negligent acts or omissions by Defendant, and each of them.

58. As a direct and proximate result of the actions of Defendant, Plaintiffs incurred substantial damages. As a direct and proximate result of the actions of Defendant, Plaintiffs suffered, to date, general damages in an amount in excess of the jurisdictional limits of this Court, and incidental damages for breach of contract.

59. As a direct and proximate result of the actions of Defendant, Plaintiffs incurred, and continues to incur economic losses.

## FIFTH CAUSE OF ACTION
## VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, ET. SEQ.
## (AGAINST ALL DEFENDANTS AND DOES 1 – 100)

60. Plaintiffs refer to and incorporates by reference, as though set forth fully herein, each and every allegation contained in paragraph 1 through 59, above.

61. Defendant, as specifically stated herein, constitutes unfair business practices that are illegal under California *Business & Professions Code § 17200, et seq.,* which prohibits unfair competition, includes unlawful, unfair, or fraudulent business acts or practices and unfair deceptive or untrue acts.

62. As a direct and proximate consequence of Defendant's violation of California *Business & Professions Code § 17200, et seq.,* Plaintiffs suffered injuries, damages including, but not limited to, loss of contract benefits, property damage, personal injuries, loss of interest, emotional distress, physical distress, physical injuries, attorneys' fees, and other consequential damages.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

| | |
|---|---|
| 1. | For general, special, and incidental damages according to proof; |
| 2. | For pre and post judgment interest according to proof; |
| 3. | For costs, and other damages according to proof; |
| 4. | For general damages for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial; |
| 5. | For special damages for breach of implied covenant of good faith and fair dealing; |
| 6. | For emotional distress; |
| 7. | For punitive damages and exemplary damages according to proof; |
| 8. | For attorney's fees. Costs, and other damages according to proof; |
| 9. | For costs of suits herein; and |
| 10. | For such further relief as the Court may deem proper. |

DATED: October 9, 2020                ZWIRN, GEVORKYAN & SOGOYAN LLP

By: /s/

Jack Sogoyan, Esq.
Attorneys for Plaintiffs,
HENRI HOVHANESYAN, et al